## UNITED STATES v. ENGELSBERG.
### No. 4304.

Circuit Court of Appeals, Third Circuit.
June 30, 1931.

W. Denning Stewart and B. Robert Averbach, both of Pittsburgh, Pa., for appellant.

Raymond D. Evans, George Wasser, and Charles B. Prichard, all of Pittsburgh, Pa., for the United States.

Before BUFFINGTON and WOOLEY, Circuit Judges, and THOMSON, District Judge.

THOMSON, District Judge.

The defendant, appellant, was tried on four counts of an indictment charging him with conspiracy with Charles Berger, to sell, manufacture, possess, and transport intoxicating liquor between certain named dates. He was convicted on the counts charging conspiracy to sell and possess, and was acquitted on the counts charging conspiracy to manufacture and transport. The motion for a new trial and in arrest of judgment being overruled, the defendant presented a petition for a reargument on the motion for a new trial, alleging that the chief witness for the government had given false testimony at the trial. On the hearing of the rule, Berger was called and admitted that he had committed perjury, and denied the material parts of his former testimony which tended to incriminate the defendant. The court discharged the rule and sentenced the defendant to pay a fine and be imprisoned in the Allegheny county jail for a period of six months. From the sentence so imposed this appeal is taken.

The appellant raises three questions by his assignments of error. The first is: "Should the case have been submitted to the Jury on the uncorroborated testimony of a discredited co-conspirator?" This could hardly be considered an open question, in view of the case of Caminetti v. United States, 242 U. S. 470, 37 S. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168. The real question is whether the case was properly submitted, with such instruction by the court as to properly caution the jury in accepting the testimony of a coconspirator. On this question we think the court gave proper instructions to the jury.

The third question (passing the second question for the present) is whether the court abused its discretion in refusing a new trial when the chief witness for the government admitted that the testimony which he gave at the trial was false. Berger admitted that he was guilty of perjury at the trial, but the real question for the court was whether perjury was committed at the trial or on the hearing on the motion for a new trial. The court found that the perjury committed was on the motion for the new trial. The testimony on this question was directly in conflict, and the only person authorized by law to decide the question is the trial judge who hears the witnesses and passes upon the conflicting evidence. In passing upon this question, the court must exercise its sound discretion; and the case should be clear to justify an appellate court in reversing the judgment for an abuse of that discretion. We find this assignment to be without merit.

The important question is raised in the second assignment, viz.: "Does the sale of intoxicating liquor subject the seller to indictment for conspiracy?" The question, as propounded, was perhaps intended to raise the broad question: "Does the sale of intoxicating liquor in any case, subject the seller to an indictment for conspiracy?" The situation as disclosed by this record is not the same as it was in the case of Norris v. United States (C. C. A.) 34 F.(2d) 839. There we held that the sale of liquor which involved such transportation as is necessary to effect delivery to the purchaser does not subject the purchaser to indictment for conspiracy to transport. At the same time, we said, in substance, that we could conceive of a set of facts, which, if established, would sustain such an indictment, notwithstanding the arrangement existed between the seller and buyer. If the question were directly involved here, we would hold, consistently with the Norris decision, that the mere sale of intoxicating liquor, not associated with incidents giving the transaction a breadth greater than a mere sale, does not subject the seller to an indictment for conspiracy. It would appear that in such restricted case where the buyer does not commit a substantive crime, as the Supreme Court has held, he is not guilty of a

conspiracy to commit that crime. As the sole substantive offense is that of the seller, it is hard to conceive how an interposed transaction of sale, not associated with outside incidents, could constitute conspiracy. The real question before the court is whether this case involves, not a conspiracy arising from the mere sale, but involves a transaction between seller and buyer in which there is something more than a mere sale, thus falling within what we conceived in the Norris Case might be a set of facts, which, if established, would sustain an indictment for a conspiracy between the seller and buyer.

We are of opinion that this case, as made by the evidence, distinguished from the case as made by the indictment, is sufficient to sustain the conviction. The buyer here was something more than the buyer in an ordinary case, who buys liquor for his own personal use, which is not forbidden by the law. Berger was a retail bootlegger, and appears to have arranged with the seller, who was a wholesale bootlegger, for the sale and purchase of liquor openly intended by the buyer for resale in illicit traffic. The buyer was broke financially, and the seller, by extending credit, knowingly set him up in the illicit business. R. 25, 26. There was also in the case the continued business on a large scale on credit, indicating an intended illicit resale, and, when the buyer was held up in one of the communities in which he was operating, he resorted to the seller for protection, which protection the seller promised and apparently succeeded in effecting. It is not to be doubted that a conspiracy may lie between the buyer and the seller for the disposition or resale of the liquors which are the subject of the original transaction.

In view of the facts as disclosed by the record, we think the second assignment should also be overruled. The judgment is therefore affirmed.